UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREW TEDESCO,

    Plaintiff,

v.

GMAC MORTGAGE, et al.,

    Defendants.

2:11-CV-633 JCM (LRL)

## ORDER

Presently before the court is defendant GMAC Mortgage, LLC's ("GMACM") motion to set aside default. (Doc. #5). The plaintiff has responded (doc. #7), and the defendant has replied (doc. #8).

**I.    Choice of Law**

The default at issue here was entered in state court prior to defendant's removal of this action. Accordingly, plaintiff argues that the Nevada Rules of Civil Procedure, rather than the Federal Rules, govern adjudication of this motion. The court disagrees.

Although default was in fact entered by the state court, the case has now been removed to this court based on the diversity of citizenship of the parties. Plaintiff has not contested the removal or this court's authority to exercise jurisdiction pursuant to 28 U.S.C. § 1332(a). Whereas a federal court sitting in diversity jurisdiction applies state substantive law and federal procedural law, *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (internal quotations omitted), the court finds it proper

**James C. Mahan**
**U.S. District Judge**

to apply Federal Rule 55 in adjudicating the instant procedural dispute.

**II.     Motion to Set Aside Default**

Public policy favors judgment on the merits. *U.S. v. Signed Personal Check NO. 730 of Yubran S.Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Accordingly, the Federal Rules of Civil Procedure provide that a court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). In deciding whether good cause exists, a court must consider three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Signed Personal Check*, 615 F. 3d at 1091 (internal quotations omitted). The court finds that the three factors weigh in favor of setting aside default and proceeding with the case on the merits.

A.     <u>Culpability</u>

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 1092 (internal citations omitted). This means that the "movant must have acted with bad faith . . . [or] there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

The court finds no evidence of an intentional failure to respond. Although the parties disagree as to the extent of their negotiations following plaintiff's filing of the instant action, plaintiff has not alleged bad faith on the part of GMACM. Rather, the court agrees finds that the failure was most likely due to excusable neglect. Accordingly, this factor weighs in favor of setting aside default.

B.     <u>Meritorious Defense</u>

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *Id.* (internal quotations omitted).

The court finds that defendant has set forth sufficient facts to satisfy the meritorious defense requirement. Although plaintiff attacks the validity of the defenses in the response brief (doc. #7),

1  the court is not required to resolve these disputed factual allegations as this juncture. Plaintiff's
2  substantive arguments go to the merits of the defenses and serve to only further demonstrate the
3  value in resolving the case on its merits. Accordingly, this factor weighs in favor of setting aside
4  default.

   C. <u>Prejudice</u>

6  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply
7  delaying resolution of the case." *Id.* at 1095 (internal quotations omitted). Here, plaintiff allegedly
8  remains in possession of the subject property, and defendant has represented to the court that
9  "Plaintiff is not under any imminent threat to become dispossessed of the subject property." (Doc.
10 #5 at 6:21–22). Additionally, although default has been entered against the defendant, default
11 judgment has not yet been awarded in favor of the plaintiff. Upon application for default judgment,
12 the plaintiff will be required to demonstrate damages. *See* FED. R. CIV. P. 55(b)(2). The court agrees
13 that it would be in a better position to award damages were the case to proceed on the merits.

14 Accordingly,

15 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to set
16 aside default (doc. #5) be, and the same hereby is, GRANTED and the case shall hereby proceed on
17 the merits.

18 DATED June 27, 2011.

_____
**UNITED STATES DISTRICT JUDGE**