**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREW TEDESCO,<br><br>  Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, et al.,<br><br>  Defendants. | 2:11-CV-633 JCM (CWH) |

**ORDER**

Presently before the court is defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss. (Doc. # 36). Plaintiff Andrew Tedesco has filed a response (doc. # 39) and Ocwen has filed a reply (doc. # 40).

**I.    Background**

This matter arises out of a mortgage contract between plaintiff and defendant GMAC. On or about March 14, 2006, plaintiff purchased the property located at 10703 Eiffel Ct., Las Vegas, Nevada, 89141 (APN 176-36-619-003)("the property").

Plaintiff alleges that he negotiated a loan modification with GMAC in 2009, and that the loan was modified to reflect monthly payments of $1,956.52. Plaintiff alleges that GMAC thereafter reneged on the agreement, caused a false incident to be reported on plaintiff's credit report, and that GMAC refused to accept his mortgage payments in the amount previously agreed upon as of January, 2011.

**James C. Mahan**
**U.S. District Judge**

Plaintiff filed the original complaint against defendant GMAC alleging causes of action for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, specific performance, and fraud/libel/punitive damages. (Doc. # 1-1). The case was removed to this court on April 22, 2011. GMAC filed a notice of bankruptcy on May 23, 2012. The bankruptcy court's order acted as an automatic stay of these proceedings as to GMAC.

Thereafter, this court permitted plaintiff to file an amended complaint. (*See* order doc. # 30). The amended complaint adds Ocwen as a defendant and asserts a fifth cause of action for "fraud/libel/punitive damages" as well as a sixth cause of action for declaratory relief. (*See* doc. # 31). Plaintiff alleges that GMAC sold or transferred the mortgage to Ocwen in 2013, that Ocwen has refused to accept the mortgage payments, and that Ocwen has falsely reported a "deed in lieu" on plaintiff's credit report. These new claims are the only two asserted against Ocwen, and are the only ones subject to the instant motion to dismiss.

## II.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

James C. Mahan
U.S. District Judge

- 2 -

allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

## III.    Discussion

(1) "Fraud/libel/punitive damages"

Plaintiff's fifth cause of action alleges that Ocwen willfully sent a false document to the credit reporting agencies claiming that there was a "deed in lieu for the subject property." (Doc. # 31, ¶ 53).  Plaintiff further alleges this was done maliciously with the intent of coercing him into agreeing to an increased amount of mortgage principal.  (*Id.*, ¶ 54).

Plaintiff fails to identify whether this claim is for fraud or libel.  Further, he fails to include any of the elements of either tort.  From what may be gathered from plaintiff's response in opposition, the claim lies in fraud.

Any claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).  To meet this standard, plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. V. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Plaintiff has failed to allege any details in support of a fraud claim.  He has not identified the time, place, or manner of the fraud, nor detailed what Ocwen's role in the fraud is.  In truth, the court is not able to determine what "fraud" Ocwen is even accused of committing.[1]  Plaintiff has failed to state a claim for fraud with the level of specificity required by Rule 9(b), and the claim must be

---

[1] It appears, simply, that plaintiff seeks to extend the "fraud" allegedly committed by GMAC to Ocwen, merely by virtue of Ocwen's status as the current loan servicer.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 dismissed.

(2) Declaratory relief

Plaintiff seeks declaratory relief that Ocwen should be bound by the loan modification agreement executed by plaintiff and GMAC, that an accounting should be conducted in order to determine the actual amount owning, and that Ocwen should be solely responsible for all interest and penalties resulting from any late payments after May 1, 2013. (*Id.*, ¶ 58-63). Plaintiff mistakenly relies on the Nevada Rules of Civil Procedure as support for his argument that declaratory relief is a separate cause of action.

In the federal system, declaratory relief is merely a form of an available remedy. *See, e.g., In re Wal-Mart Wage & Hour Employment Practices Litig.,* 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). As the defendant asserts, and this court agrees, it is not an independent claim for relief. *See, e.g., Stock West, Inc. v. Confederated Tribes of Coville Reservations*, 873 F.2d 1221, 1225 (9th Cir. 1989). As such, plaintiff is not entitled to such relief at this juncture. This claim is dismissed.

**IV.   Conclusion**

Plaintiff has failed to state a claim for which relief can be granted as to defendant Ocwen. Ocwen's motion and it is dismissed from these proceedings with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (doc. # 36) be, and the same hereby is, GRANTED

IT IS FURTHER ORDERED that defendant Ocwen is dismissed with prejudice.

DATED February 5, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**