UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREW TEDESCO, | Case No. 2:11-CV-633 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| GMAC MORTGAGE, et al., | |
| Defendant(s). | |

Presently before the court is *Tedesco v. GMAC, et al.*, case no. 2:11-cv-633-JCM-CWH.

This matter arises out of a mortgage contract between plaintiff and defendant GMAC. On or about March 14, 2006, plaintiff purchased the property located at 10703 Eiffel Ct., Las Vegas, Nevada, 89141 (APN 176-36-619-003). Plaintiff filed the original complaint against defendant GMAC alleging causes of action for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, specific performance, and fraud/libel/punitive damages. (Doc. # 1-1).

The case was removed to this court on April 22, 2011. GMAC filed a notice of bankruptcy on May 23, 2012. (Doc. # 27). The bankruptcy court's order acted as an automatic stay of all proceedings as to GMAC.

This court then permitted plaintiff to file an amended complaint. (*See* doc. # 30). The amended complaint added Ocwen as a defendant and asserted a fifth cause of action for "fraud/libel/punitive damages" as well as a sixth cause of action for declaratory relief. (*See* doc. # 31). Ocwen filed a motion to dismiss (doc. #36), which this court granted (doc. #42).

On July 13, 2013, the bankruptcy court entered a final supplemental order granting GMAC's motion for limited relief from the automatic stay. (*See* doc. # 38). The bankruptcy court's order granted relief from the stay only for individuals in foreclosure and eviction

**James C. Mahan**
**U.S. District Judge**

proceedings, and for the parties in borrower bankruptcy cases and title disputes, to continue to assert and prosecute certain defenses, claims, and counter-claims (hereinafter "permitted claims"). (*See* doc. #38, exh. A).[1]

As a result, GMAC submitted an amended notice of bankruptcy and suggestion of automatic stay. (Doc. # 46). GMAC asserts that none of plaintiff's claims stated in the amended complaint against GMAC constitute permitted claims. (*See* doc. # 38). GMAC remains subject to the automatic stay and the continued prosecution of these claims is prohibited. (*Id.*).

Further, under paragraph 23 of the bankruptcy court's final supplemental order, any dispute regarding the extent, application, and/or effect of the automatic stay, must be heard and determined in the United States Bankruptcy Court for the Southern District of New York. (*See* doc. # 38, exh. A).

On October 1, 2014, the court ordered plaintiff to show cause as to why this court should not dismiss this action based on the bankruptcy court's final supplemental order. (Doc. # 50). Plaintiff filed a response noting that he has no documentation to present to the court showing cause as to why this case should not be dismissed. (Doc. # 51). As to other evidence, plaintiff asserts that the chapter 11 bankruptcy filed by GMAC still being active should preclude dismissal of the case at this time.

The court noted in its October 1, 2014, order that plaintiff had asserted no permitted claims against GMAC in the bankruptcy case or the instant case. Plaintiff asserts that it is unknown if GMAC's chapter 11 bankruptcy will result in discharge. If GMAC's bankruptcy is dismissed, plaintiff asserts that this action would move forward. Therefore, plaintiff's only other evidence to show cause why this case should not be dismissed is the fact that GMAC's bankruptcy has not been discharged.

Prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their

---

[1] Paragraphs 14, 15, 16, and 17 of the bankruptcy court's final supplemental order identify the categories of defenses, claims, and counter-claims for which automatic stay has been modified, i.e. the permitted claims. (*See* doc. # 38, exh. A).

**James C. Mahan**
**U.S. District Judge**

- 2 -

merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, plaintiff's assertion that the outcome of GMAC's chapter 11 bankruptcy *might* allow plaintiff to move forward with this action does not lend itself to the public's interest in expeditious resolution of litigation. This case was initiated April 22, 2011, and has been largely inactive since early 2014. The court's need to manage its docket weighs in favor of dismissal. Permitting this case to continue would prejudice defendants who currently are defending in a case where plaintiff has no permitted claims against them. As such, the court concludes that less drastic sanctions are not appropriate and will dismiss all claims asserted by plaintiffs.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the instant action, *Tedesco v. GMAC, et al.*, case no. 2:11-cv-633-JCM-CWH be, and the same hereby is, DISMISSED. The clerk is ordered to close the case.

DATED March 5, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**